PHILLIP A. TALBERT
Acting United States Attorney
JUSTIN L. LEE
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:16-MC-00120-GEB-AC |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $51,498.00 IN U.S. CURRENCY, and | |
| MISCELLANEOUS FIREARMS AND AMMUNITION LISTED IN EXHIBIT A ATTACHED, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about March 25, 2015, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") seized Approximately $51,498.00 in U.S. Currency and Miscellaneous Firearms and Ammunition listed in Exhibit A attached (hereafter "defendant properties") during a probation search on Thomas Chadd at his residence located at 854 A Street, Lincoln, California.

2. The ATF commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about June 15, 2015, the ATF received a claim from Thomas Chadd ("Chadd" or "claimant") asserting an ownership interest in the defendant properties.

3. The United States represents that it could show at a forfeiture trial that in October of 2014, law enforcement began investigating Thomas Chadd's involvement in the Drug Trafficking Organization of Kendall Thrift ("Thrift").  Thrift was running a large-scale marijuana distribution operation that was sending 100-pound loads of marijuana to North Carolina.  Thrift was indicted on drug charges in this district.  After Thrift went into federal custody, he handed the marijuana operation off to Chadd who ran the business until February of 2016.

4. The United States represents that it could also show at a forfeiture trial that on March 25, 2015, ATF, Placer County Probation Officers, and detectives with the Placer County Special Investigations Unit conducted a probation search on Chadd at his residence at 854 A Street, Lincoln, California.  Officers found a locked safe located in the living room.  Officers advised Chadd that his probation status made the safe searchable pursuant to his probation terms.  After forcing open the safe, officers found the firearms and ammunition listed in Exhibit A attached hereto, along with a short-barrel AK-47-type rifle.  In addition, officers found $51,498.00 in cash and indicia in the safe related to Chadd.  The cash was bundled in six piles and each pile was secured with rubber bands.  In total, officers found and seized 23 firearms and 21 ammunition magazines in the house.

5. On February 24, 2016, an Indictment was filed charging Chadd with Conspiracy to Manufacture and Distribute Marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) and Possession of an Unregistered Firearm in violation of 26 U.S.C. § 5861(d) in *U.S. v. Thomas Chadd,* 2:16-CR-00037-GEB.  The Indictment also contained a forfeiture allegation that included the defendant properties.  On June 6, 2016, Thomas Chadd pled guilty to Possession of an Unregistered Firearm in violation of 26 U.S.C. § 5861(d) and agreed to forfeit all of his right, title, and interest to the defendant properties.

6. The United States could further show at a forfeiture trial that the defendant properties are forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant properties.  Claimant hereby acknowledges that he is the sole owner of the defendant properties, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity

institute any kind of claim or action against the government with regard to its forfeiture of the defendant properties, claimant shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant properties were seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

11. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

12. Upon entry of this Consent Judgment of Forfeiture, the following defendant properties shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law:

    a. Approximately $51,498.00 in U.S. Currency, and

    b. Miscellaneous Firearms and Ammunition listed in Exhibit A attached.

13. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant properties.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

16. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant properties.

IT IS SO ORDERED.

Dated: July 19, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

**Exhibit A**

1. Henry Repeating rifle, .22 caliber, Serial Number: US09165,
2. Fulton Armory FAR-308 rifle, .308 caliber, Serial Number: 003020,
3. Ruger Redhawk revolver, .44 caliber, Serial Number: 500-84369,
4. Ruger Speed Six revolver, .357 caliber, Serial Number: 156-21186,
5. Colt Commander pistol, .45 caliber, Serial Number: 3395-LW,
6. Glock 42 pistol, .380 caliber, Serial Number: AAXM699,
7. Star Boniface PD pistol, .45 caliber, Serial Number: 1481280,
8. American Derringer M-1, .45 caliber, Serial Number: 93428,
9. Stag Arms Stag-15 rifle, .556 caliber, Serial Number: 46584,
10. Sig Sauer rifle, .556 caliber, Serial Number: JS013657,
11. Winchester 94 rifle, 30-30 caliber, Serial Number: 5086509,
12. Remington 8 rifle, .35 caliber, Serial Number: 50099,
13. J.C. Higgins 1017 shotgun, .20 caliber, Serial Number: 3400035,
14. Mossberg 183DA shotgun, .410 caliber,
15. Rifle, Serial Number: NB2112,
16. Marlin Firearms 57M rifle, .22 caliber,
17. Marlin 336W rifle, 30-30 caliber, Serial Number: MB40075D,
18. Remington 721 rifle, 30-06 caliber, Serial Number: 187444, and
19. Approximately 37 rounds of assorted ammunition.